HELEN F. HULBERT, trustee, *vs.* SAMUEL D. SMITH & others.

Suffolk. January 19, 1926. — January 20, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Trust,* Construction of instrument creating trust.

The will of a man who died in 1912, leaving a widow and a son and a daughter surviving him, provided as to the net income from a trust established under the will: "One half to my said wife. To my son, . . . the sum of five-hundred dollars annually . . . for the space of ten years. Shoul[d] he be living at the end of this time, I give and bequeath to him one fourth of my income . . . . If my said wife should die prior to the final termination of said trust, her share of the income shall be paid as follows — One third to my son should he be living . . . . The remaining two thirds of my wifes income, should she die prior to the final termination of the said trust, shall be paid to my daughter, . . . should she be living . . . . After paying my said wife one half of my income and giving to my said son the sum of five-hundred dollars annually, I bequeath to my daughter . . . the remainder of my income should she be living." The widow died in 1918, leaving the son and daughter surviving. *Held,* that

(1) The son was entitled to five twelfths of the entire net income and the daughter to seven twelfths of the net income of the trust;

(2) There was nothing in the will which admitted of the interpretation that the one fourth of the income, unequivocally payable to the son during the life of his mother after the ten year period, was contingent upon her living or was to cease upon her death.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on January 30, 1925, by the trustee under the will of Samuel D. Smith, late of Boston, for instructions.

The petition was heard by *Wait,* J. Material facts found by him are described in the opinion. By his order, the suit was reserved for determination by the full court upon the bill and answer and the facts found.

*W. B. Sullivan,* for Samuel D. Smith & others.

*L. W. Peters & F. N. Nay,* for Helen F. Hulbert, submitted a brief.

RUGG, C.J. A trust of the residue of the estate of Samuel D. Smith was established by his will to continue during the life of his widow, his daughter, and his son, and the survivors or survivor of them. He died in 1912. The terms of the trust respecting the net income were in these words: "One half to my said wife. To my son, . . . the sum of five-hundred dollars annually . . . for the space of ten years. Shoul[d] he be living at the end of this time, I give and bequeath to him one fourth of my income . . . . If my said wife should die prior to the final termination of said trust, her share of the income shall be paid as follows — One third to my son should he be living . . . . The remaining two thirds of my wifes income, should she die prior to the final termination of the said trust, shall be paid to my daughter, Helen F. Hulbert, should she be living . . . . After paying my said wife one half of my income and giving to my said son the sum of five-hundred dollars annually, I bequeath to my daughter Helen F. Hulbert, the remainder of my income should she be living." The period of ten years has elapsed. The widow died in 1918. The son and the daughter still survive.

The meaning of the will applied to these facts is, that the son is entitled to one fourth of the net income, and the

daughter to one fourth of the net income. Of the income of one half, formerly payable to the wife, one third is to be paid to the son and two thirds to the daughter. That is to say: The son is entitled to five twelfths of the entire net income and the daughter to seven twelfths of the net income of the trust. This is the plain import of the words used by the testator. There is nothing in the will which admits of the interpretation that the one fourth of the income unequivocally payable to the son during the life of his mother after the ten year period is contingent upon her living or is to cease upon her death. That payment of one fourth is to continue during his life. Of course the wife must die prior to the "final termination" of the trust, but the repetition of those words in the will does not affect its true construction. The reference in the final clause above quoted to the annual gift of $500 to the son, does not cut down the plain provision of one fourth of the income to the son after the expiration of the ten year period.

Costs, as between solicitor and client, are to be in the discretion of the single justice.

*Decree accordingly.*